MARY A. TINKER, Respondent, *v.* THE NEW YORK, ONTARIO AND WESTERN RAILWAY COMPANY, Appellant.

*Negligence — res gestæ — when the plaintiff is not presumed to have assented to statements made in her presence.*

Upon the trial of an action brought to recover damages resulting from injuries caused by the alleged negligence of the defendant, it appeared that the accident in question happened at a railroad crossing, and that the plaintiff was thrown from a wagon; that subsequently the frightened horses ran for some distance; that her husband, the driver, finally stopped the horses, got out of the wagon, went back to where his wife was, to assist her to get up, and that she sat for a time where the accident occurred. A witness, who testified that he lived about twenty rods from the crossing, and who apparently did not see the accident, stated that he went to the place of the accident and asked the persons there what was the matter; that he had a conversation with the husband in the presence of the plaintiff. He was then asked by the defendant if the plaintiff's husband had said to him in the presence of the plaintiff that the back seat had tipped up and threw her out backwards upon the ground, which question was objected to. . It was not claimed that the plaintiff had taken any part in the conversation.

*Held,* that the conversion was not admissible as a part of the *res gestæ*, as it did not appear what length of time had elapsed after the accident and before the conversation;

That, under the circumstances, the evidence was not admissible as a conversation had in the presence of the plaintiff;

That the mere silence of a person when facts are asserted in her presence furnishes no ground for presuming her acquiescence in the assertion, unless the conversation is addressed to her under circumstances which call for a reply.

APPEAL by the defendant, The New York, Ontario and Western Railway Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county

of Chenango on the 19th day of March, 1894, upon the verdict of a jury rendered after a trial at the Chenango Circuit, and also from an order entered in said clerk's office on the 17th day of March, 1894, denying the defendant's motion for a new trial made upon the minutes.

*Howard D. Newton* and *Edward B. Thomas,* for the appellant.

*George P. Pudney* and *George W. Ray,* for the respondent.

MERWIN, J.:

The main questions upon the merits in this case were considered by this court upon a former appeal (71 Hun, 431) and need not be reconsidered here. We find no good reason for departing from the views there expressed. They were in substance followed by the trial court on the trial now under review and all the material questions of fact were submitted to the jury in a charge that as a whole presents no good ground for exception.

Our attention is called to a number of exceptions to rulings upon evidence. It is specially urged by the appellant that serious error was committed in rejecting evidence of what the husband of the plaintiff said as to the cause of the accident soon after it occurred. A witness was called by the defendant who, after testifying that he lived about twenty rods from the crossing where the accident happened, said : " I remember the occasion when Mrs. Tinker was thrown from the wagon at that crossing; I saw the party there at the crossing after it occurred, and went out there at the time; when I got there they were kind of getting together, picking up things, picking up their shawls and robes and so on, and what fell out. I asked them what the matter was; I had a conversation with Mr. Tinker in the presence of Mrs. Tinker." The witness was then asked the question, " Did Mr. Tinker say to you in the presence of Mrs. Tinker that the back seat tipped up and threw her out backwards on the ground ? " The witness was also asked to state what conversation occurred then in the presence of Mrs. Tinker between the witness and Mr. Tinker.

This evidence is claimed to have been competent on two grounds : *First,* as part of the *res gestæ,* and, *second,* as a conversation in the presence of the plaintiff.

It was not claimed that Mrs. Tinker took any part in the conversation. She was then suffering from the injury she had received and had to be assisted to the carriage. In 1 Greenleaf on Evidence (§ 197, note c) it is said: "The mere silence of one, when facts are asserted in his presence, is no ground of presuming his acquiescence, unless the conversation were addressed to him under such circumstances as to call for a reply. The person must be in a position to require the information, and he must ask it in good faith, and in a manner fairly entitling him to expect it, in order to justify any inference from the mere silence of the party addressed. If the occasion, or the nature of this demand, or the manner of making it, will reasonably justify silence, in a discreet and prudent man, no unfavorable inference therefrom should, on that account, be made against the party. And whether the silence be any ground of presumption against the party will always be a question of law, unless there is conflict in the proof of the attending circumstances."

Apparently the witness did not see the accident. He saw the party there at the crossing after it occurred, and then went to the place. How long it was after the accident that the conversation occurred is, therefore, left indefinite. According to prior evidence on the part of the plaintiff the frightened team ran some distance, and there had been time for the husband to stop it, get out of his wagon and go back to where his wife was and assist her to get up, and, as one witness says, "she sat awhile there." The conversation called for was not, as said in some of the cases, immediately after the accident.

Assuming the offered evidence to have been material, we are of the opinion that the court did not err in excluding it.

We have examined the other exceptions and find no good ground for reversal.

HARDIN, P. J., and MARTIN, J., concurred.

Judgment and order affirmed, with costs.